O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE JEAN STRICKLAND,              ) | NO. EDCV 14-0283-MAN |
|             Plaintiff,                                  ) | |
|      v.                                                  ) | MEMORANDUM OPINION |
| CAROLYN W. COLVIN,                           ) | AND ORDER |
| Acting Commissioner of Social          ) | |
| Security,                                              ) | |
|             Defendant.                              ) | |
| _____) | |

On February 24, 2014, plaintiff filed a Complaint seeking review of the denial of her application for Supplemental Security Income ("SSI"). (ECF No. 4.) On April 2, 2014, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (ECF No. 11.) On October 27, 2014, the parties filed a Joint Stipulation ("Joint Stip."), in which plaintiff seeks an order reversing the Commissioner's decision and remanding this case for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. (Joint Stip. at 17.) The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On March 28, 2011, plaintiff protectively filed her application for SSI. (Administrative Record ("A.R.") 9, 44.) Plaintiff, who was born on March 6, 1964[1] (*id.* 17, 44), claims to have been disabled since January 1, 1995, due to borderline personality, bipolar disorder, obsessive compulsive disorder, depression, shattered right arm, and because she cannot concentrate (*id.* 44-45). Plaintiff has no past relevant work experience. (*Id.* 17.)

After the Commissioner denied plaintiff's claim initially (A.R. 74-78) and on reconsideration (*id.* 74-78), plaintiff requested a hearing (*id.* 88). On September 25, 2012, plaintiff, who was represented by an attorney, appeared and testified at a hearing before Administrative Law Judge James Nguyen (the "ALJ"). (*Id.* 23-43.) On November 21, 2012 the ALJ denied plaintiff's claim (*id.* 9-18), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (*id.* 1-3). That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In his decision, the ALJ found that plaintiff has not engaged in substantial gainful activity since March 28, 2011, the date of the application. (A.R. 11.) The ALJ determined that plaintiff has the severe impairments of: right rotator cuff tendinitis; residuals from a previous proximal right humeral fracture status post open reduction internal fixation; right shoulder osteoarthritis; a bipolar, borderline personality; learning disorders as well as borderline intellectual functioning; and posttraumatic stress disorder. (*Id.*) The ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. (*Id.*)

---

[1] On the date the application was filed, plaintiff was 47 years old, which is defined as a younger individual age 18-49. (A.R. 17 (citing 20 C.F.R. § 416.963).) Plaintiff is now 51 years old, which is defined as an individual closely approaching advanced age. 20 C.F.R. § 416.963(d).

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work as follows:

> [She] can lift and carry less than 10 pounds occasionally and less than 10 pounds frequently with the right upper extremity. Reaching is limited in all directions to no more than occasional with the right upper extremity but there are no limitations for reaching with the left upper extremity. [Plaintiff] can occasionally climb ramps and stairs but never ladders, ropes or scaffolds and she can no more than occasionally balance, stoop, kneel, crouch or crawl. Mentally, [she] can understand, remember and carry out simple job instructions but would be unable to perform work that would require directing others, abstract thinking or planning. She can maintain attention and concentration to perform simple, routine and repetitive tasks in a work environment free of fast-paced production requirements. She can have occasional interaction with coworkers and supervisors but no interaction with the general public. She can work in an environment with occasional changes to the work setting and occasional work related decisionmaking.

(A.R. 13.)

Based on plaintiff's age, education,[2] work experience, and RFC, as well as the testimony of the vocational expert, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform," including the jobs of night cleaner, housesitter, housekeeper, and cleaner/polisher. (A.R. 18.)

Thus, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since March 28, 2011, the date her application was filed. (A.R. 18.)

---

[2] The ALJ determined that plaintiff "has limited education and is able to communicate in English." (A.R. 17.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

# DISCUSSION

Plaintiff's sole argument is that the ALJ failed to properly determine whether plaintiff meets or equals Listing 12.05C. (*See* Joint Stip. at 2.)

## I. **The ALJ's Determination That Plaintiff Does Not Meet Or Equal Listing 12.05C Is Not Supported By Substantial Evidence.**

### A. The Standard

At step three of the sequential evaluation process, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in the Appendix to federal regulations.[3] 20 C.F.R. § 416.920(d). Conditions set forth in the Listing of Impairments ("Listings") are considered so severe that "they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." Lester v. Chater, 81 F.3d 821, 828 (9th Cir. 1995). The Listings were "designed to operate as a presumption of disability that makes further inquiry unnecessary." Sullivan v. Zebley, 493 U.S. 521, 532 (1990). If a claimant shows that her impairments meet or equal a Listing, she will be found presumptively disabled. 20 C.F.R. §§ 416.925-416.926; *see* Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1221-22 (9th Cir. 2010).

The claimant bears the burden of establishing a prima facie case of disability under the Listings. *See* Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002). To "meet" a listed impairment, the claimant must establish that his condition satisfies each element of the listed impairment. *See* Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir.

---

[3] The Appendix containing the listed impairments appears in the Regulations at 20 C.F.R., Pt 404, Subpt. P, App. 1.

1999). To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory findings" at least equal in severity and duration to each element of the listed impairment. *Id.* at 1099–1100.

Under Listing 12.05 (mental retardation), plaintiff must be found disabled if she shows "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairments before age 22." 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.05. The required level of severity for this disorder is met when the requirements in paragraphs A, B, C, or D are satisfied. *Id.* Plaintiff contends that she meets the requirements of paragraph C, which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]" *Id.*

### B. The ALJ's Decision

On December 20, 2010, the consultative psychologist Douglas W. Larson, Ph.D., assessed plaintiff with, *inter alia*, a verbal IQ score of 61 and a full scale IQ of 65 on the Wechsler Adult Intelligence Scale. (A.R. 303.) The ALJ acknowledged these scores in his decision but found that plaintiff did not meet the criteria of listing 12.05C. Specifically, the ALJ wrote:

> Administration of the WAIS-IV on December 20, 2010 revealed a verbal comprehension IQ of 61, a perceptual reasoning IQ of 73, a working memory IQ of 71, a processing speed IQ of 74, and a full scale IQ of 65 placing the claimant in the mentally deficient range. . . . [T]he "paragraph C" criteria of listing 12.05 are not met because [plaintiff] does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

(A.R. 13.)

The ALJ's statement does not clearly indicate whether the ALJ found that the 12.05C requirements were not met because he: (1) rejected plaintiff's verbal and full scale IQ scores of 61 and 65, respectively, which are clearly within the 60 through 70 range, as "invalid"; (2) determined that she did not have "a physical or other mental impairment imposing an additional and significant work-related limitation of function"; or (3) determined that neither of the conjunctive requirements of 12.05C were met.

    C.    <u>The ALJ Erred To The Extent He Found That Plaintiff's IQ Scores Were Invalid But Failed To Provide Any Legitimate Basis For This Conclusion.</u>

An ALJ may determine that a plaintiff's IQ score is invalid or undermined by other evidence in the record.  *See* <u>Gomez v. Astrue</u>, 695 F. Supp. 2d 1049, 1057 (C.D. Cal. 2010); <u>Thresher v. Astrue</u>, 283 F. App'x 473, 475 & n.6 (9th Cir. 2008) ("We do not doubt that an ALJ can decide that an IQ score is invalid."); *see also* <u>Muncy v. Apfel</u>, 247 F.3d 728, 733 (8th Cir. 2001) ("An ALJ may disregard a claimant's IQ score when it is derived from a one-time examination by a nontreating psychologist, particularly if the score is inconsistent with the claimant's daily activities and behavior."); <u>Lowery v. Sullivan</u>, 979 F.2d 835, 837 (11th Cir. 1992) (holding that a valid IQ is not conclusive when the score is inconsistent with other evidence in the record and claimant's daily activities); <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1185 (3d Cir. 1992) (finding IQ score alone insufficient where, inter alia, claimant "maintain[ed] a job for most of his adult life").  However, "an ALJ should not find that 'other evidence' renders an IQ invalid without explaining how that evidence impacts the validity of the score."  <u>Gomez</u>, 695 F. Supp.2d at 1057 (discussing Ninth Circuit's decision in <u>Thresher</u>).

Here, it is not clear whether the ALJ found that plaintiff's verbal and full scale IQ scores, which were within the 60-70 range, were invalid.  If he did, he failed to state what evidence, if

any, supports his decision. Because the ALJ articulated no rationale for finding that plaintiff does not have a valid verbal or full scale IQ of 60 through 70, his determination -- if, in fact, he made such a determination -- that plaintiff does not meet the first criterion for Listing 12.05C is not properly supported. *See* Gomez, 695 F. Supp. 2d at 1057; *see also* Christner v. Astrue, 498 F.3d 790, 794 (8th Cir. 2007) (remanding where it was unclear whether ALJ rejected full-scale IQ score).

  D. <u>Given The ALJ's Step 2 Finding, It Would Be Improper To Conclude That Plaintiff Does Not Have An Additional Impairment</u>.

Listing 12.05C further requires that plaintiff has "a physical or other mental impairment imposing an additional and significant work related limitation of functioning." 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 12.05(C). "[A]n impairment imposes a significant work-related limitation of function when its effect on a claimant's ability to perform basic work activities in more than slight or minimal." Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987). This requirement is met when plaintiff has an additional impairment that is "severe" under 20 C.F.R. § 416.920(c) -- that is, when plaintiff has an additional impairment that the ALJ found was "severe" at step 2 of the sequential analysis. 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 12.00(A).

Here, the ALJ found that plaintiff's impairments of "right rotator cuff tendinitis, residuals from a previous proximal right humeral fracture status post open reduction internal fixation, right shoulder osteoarthritis, a bipolar, borderline personality and learning disorders as well as borderline intellectual functioning and posttraumatic stress disorder" all constitute "severe" impairments under 20 C.F.R. § 416.920(c). (A.R. 11.) Consequently, according to the ALJ's own Step 2 finding, plaintiff has multiple "severe" impairments in addition to her low verbal and full scale IQ scores, and thus, she meets the second criteria for Listing 12.05C. Therefore, the ALJ erred to the extent that he may have determined that plaintiff does not have "a physical or other mental impairment imposing an additional and significant work-related limitation of function." (*Id.*

13.)

### C. The ALJ Did Not Address Whether Plaintiff's Impairment Manifested Itself Prior To Age 22.

Finally, to meet Listing 12.05C's criteria, plaintiff must show that she has significantly subaverage general intellectual functioning and deficits in adaptive functioning with an onset before age 22. 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 12.05. The ALJ did not discuss this requirement. Nevertheless, the Commissioner contends that the ALJ properly found that plaintiff did not meet Listing 12.05C, because plaintiff did not show that her subaverage general intellectual functioning manifested itself before her twenty-second birthday. (Joint Stip. at 13-14.)

While it is true that plaintiff's IQ tests were administered when she was 46 years old, valid IQ tests are widely treated as establishing "a rebuttable presumption of a fairly constant IQ throughout a claimant's life." Ramirez v. Colvin, No. CV 13-5473 JC, 2014 WL 360183, *6 (C.D. Cal. Jan. 31, 2014) (citing Hodges v. Barnhart, 276 F.3d 1265, 1268 (11th Cir. 2001); Muncy, 247 F.3d at 734; Luckey v. U.S. Dep't of Health & Hum. Servs., 890 F.2d 666, 668 (4th Cir. 1989); Guzman v. Bowen, 801 F.2d 273, 275 (7th Cir.1986)). Thus, "a valid qualifying IQ score obtained by the claimant after the age of 22 creates a rebuttable presumption that the claimant's mental retardation began prior to the age of 22." Schuler v. Astrue, No. 09-2126-PLA, 2010 WL 1443892, at *6 (C.D. Cal. Apr.7, 2010); see also Hodges, 276 F.3d at 1268-69 (noting that IQ tests after age 22 satisfy the listing criteria and "create a rebuttable presumption of a fairly constant IQ throughout life").

The ALJ did not expressly address whether plaintiff's IQ scores were valid or whether the Commissioner rebutted the presumption that would have been established if they were, but the Commissioner now argues that the record precludes any finding that plaintiff's impairment manifested itself prior to plaintiff's twenty-second birthday. In particular, the Commissioner cites:

plaintiff's statements that "did not attribute her failure to complete high school to diminished functioning" (Joint Stip. at 13 (citing A.R. 28 ("I dropped out and got married"), 299 (Dr. Larson's statement that plaintiff "dropped out of high school during the 11th grade to get married")); and the reports that plaintiff performed some work after turning 22 (Joint Stip. at 13; *see also* A.R. 147 (showing that plaintiff reported earnings of $1,856 in 1986, the year she turned 22, and $2,272 in 1987, and no earnings thereafter), 158 (plaintiff reported working as nurse's aide in 1986, on an assembly line in 1987, and as a care provider in 1987-1988, but she did not report performing any work thereafter), 368 (plaintiff told the consulting psychiatrist, Ernest A. Bagner III M.D., that she worked "off and on" as a nurse's aide between 1989 and 2001).) Assuming, strictly for the purposes of argument, that the Commissioner is correct that plaintiff's decision to drop out of school to be married and her work history indicate that plaintiff's mental impairment developed after her twenty-second birthday, the Court may not rely on the Commissioner's *post hoc* rationalizations to affirm the ALJ's decision. See Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) (the court is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ -- not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking"); Stout, 454 F.3d at 1054 (stating that the court is "constrained to review the reasons the ALJ asserts" for the denial of benefits and "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision" (internal quotation marks and citations omitted)).

Further, the evidence that the Commissioner cites is cherry picked from a record that, when viewed as a whole, suggests that plaintiff's mental impairment did arise before she turned 22. Significantly, plaintiff told Dr. Larson that she was "not a good student and was in special classes" and she was "always in the 'slow classes.'" (A.R. 299-300.) In addition, although plaintiff attempted to work after she turned 22, the record shows that she had difficulty holding down a regular job for any sustained period and, at best, was able to work as a nurse's aide "off and on."

Accordingly, the Commissioner's reasons for finding that plaintiff's impairment did not

manifest itself prior to her twenty-second birthday are supported by only a scintilla of evidence in the record, not the substantial evidence that is required. See Connett, 340 F.3d at 873.

## II. Remand For Further Proceedings Is Required.

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 1179-81.

Here, there is a question -- and possibly evidence that has not yet been obtained -- about whether plaintiff's mental impairment developed before she turned 22. On remand, the ALJ must either credit plaintiff's 2010 IQ scores as valid or provide specific reasons supported by substantial evidence for discrediting them. Further, if those scores are valid[4] -- and the Court is unaware of evidence that discredits them -- the ALJ must determine whether plaintiff's mental impairment manifested itself before she turned 22. In doing so, the ALJ must articulate specific reasons supported by substantial evidence in the record for his findings, and he should carefully consider whether his duty to develop the record is triggered by the absence of medical and/or educational

---

[4] Again, it must be emphasized that, if plaintiff's 2010 IQ scores are valid, they establish a rebuttable presumption that plaintiff's mental impairment began before her twenty-second birthday.

records predating plaintiff's twenty-second birthday.[5]  See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (ALJs have an independent duty to fully and fairly develop the record, which is triggered by ambiguous evidence or by a record that is inadequate to allow for proper evaluation of the evidence).

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: April 15, 2015

*Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff's counsel may also wish to submit these records on remand without waiting for a request or inquiry by the ALJ and, of course, doing so would not lessen the ALJ's independent duty to ensure that the record is fully and fairly developed.